IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16 CR 64

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RICHARD KIMBLE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on an oral Motion to Withdraw by defense counsel. The Court denied the Motion orally. This Order memorializes that ruling.

On January 7, 2021, a Petition was filed alleging that Defendant had violated the terms and conditions of his supervised release. Doc. 530.

Defendant made an initial appearance on January 11, 2021. Defendant's request for the appointment of counsel was granted. The Government moved for detention, and preliminary revocation and detention hearings were scheduled for January 13, 2021.

On January 12, 2021, attorney Frank Webster was appointed to represent Defendant.

Also on January 12, 2021, an Addendum to the Petition was filed by the Probation Office.

On January 13, 2021, the matter came before the undersigned for

preliminary revocation and detention hearings, as noticed.

The undersigned began by giving Defendant initial advisements regarding the newly filed Addendum. In the course of that proceeding, Defendant indicated that he wished to have new counsel. Therefore, at the conclusion of the initial appearance on the Addendum, the Court recognized Mr. Webster, who made an oral Motion to Withdraw.

The courtroom and the record were then sealed and the undersigned heard from defense counsel and Defendant, after which the courtroom and record were reopened and unsealed.[1]

In considering the Motion, the undersigned has taken into account the following factors: 1) the timeliness of the Motion; 2) the reasons given as to why Mr. Webster's representation of Defendant should not continue; and 3) whether the conflict between Defendant and Mr. Webster is so great that it has resulted in a total lack of communication preventing an adequate defense. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988).

There has been no delay in the presentation of the Motion. Mr. Webster indicated that he was appointed late on Monday, January 11, 2021,[2] and that

---

[1] Matters raised during the sealed portion of the hearing are referenced in this Order only to the extent they do not appear to implicate confidentiality concerns and are necessary for the memorialization of the Court's ruling.

[2] As the docket indicates that Mr. Webster was appointed on January 12, the undersigned presumes that he received word of the appointment late on January 11 and that it was shown on the docket the following day.

he met with Defendant on Tuesday, January 12.

As to the basis of the Motion, Mr. Webster advised that he was making the Motion at Defendant's direction. When the Court inquired of Defendant, however, Defendant only gave short and vague statements as to why Mr. Webster should not continue to appear for him, such as that Defendant "just gets the feeling" that Mr. Webster does not have Defendant's best interest in mind or otherwise is not working for him. Defendant was unable to provide specific factual information to support his impressions.

Defendant's subjective feelings aside, the Court has been presented with no information that would indicate a different attorney should be appointed for Defendant. Mr. Webster responded promptly to the appointment, met with Defendant almost immediately, and is willing and able to represent Defendant in this matter.

Accordingly, Defendant's oral Motion to Withdraw is **DENIED**.

Signed: January 13, 2021

*W. Carleton Metcalf*
W. Carleton Metcalf
United States Magistrate Judge